UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SARAH WONDRA,<br><br>Defendant. | Case No. 1:22-cr-00099-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

On May 10, 2022, a grand jury returned a single-count indictment against Defendant Sarah Wondra charging her with unlawfully possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). Dkt. 1. Ms. Wondra now moves to dismiss indictment against her. Dkt. 28. She argues that the charge violates the Second Amendment under the test the Supreme Court announced in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). For the reasons discussed below, the Court will deny the motion.

# DISCUSSION

In *District of Columbia v. Heller*, the Supreme Court recognized an individual right under the Second Amendment to keep and bear arms with the

**MEMORANDUM DECISION AND ORDER - 1**

explicit limitation that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." 554 U.S. 570, 626 (2008). The Court went on to describe regulations prohibiting felons from possessing firearms as "presumptively lawful," *id.* at 626 n.26, and explained that "there will be time enough to expound upon the historical justifications" for such a prohibition. *Id*. at 635. *See also McDonald v. Chicago*, 561 U.S. 742, 786 (2010) ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons . . . ."). Relying on *Heller*, the Courts of Appeals, including the Ninth Circuit, uniformly upheld the constitutionality of § 922(g)(1). *See Van Der Hule v. Holder*, 759 F.3d 1043, 1051 (9th Cir. 2014) ("§ 922(g)(1) continues to pass constitutional muster"); *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010) ("§ 922(g)(1) does not violate the Second Amendment as it applies to Vongxay, a convicted felon").

Unless that Ninth Circuit precedent is overruled, it binds the Court and requires the denial of Ms. Wondra's motion. Ninth Circuit precedent is "effectively overruled" when "the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority." *Miller v. Gammie*, 335 F.3d 889, 890, 893 (9th Cir. 2003) (en banc). "The clearly

**MEMORANDUM DECISION AND ORDER - 2**

irreconcilable requirement is a high standard." *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018) (quotation omitted). "[I]t is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent." *Id*. (quotation omitted).

The present motion therefore hinges on whether *Bruen* "effectively overruled" *Heller* and *Vongxay*. At least five justices indicated their explicit intent to the contrary. Justice Kavanaugh, joined by Chief Justice Roberts, wrote a concurring opinion to "underscore" that *Bruen* did not upset the Court's holdings in *Heller* that "[n]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Bruen*, 142 S. Ct. at 2161-62 (quoting *Heller*, 554 U.S. at 626-27). In dissent, Justice Breyer, joined by Justices Kagan and Sotomayor, wrote that *Bruen* "cast[s] no doubt on" *Heller*'s treatment of laws prohibiting firearms possession by felons. *Id.* at 2189 (Breyer, J., dissenting). Although the majority opinion did not address the issue specifically, it did say that its holding was "in keeping with *Heller*." *Id.* at 2126.

More importantly, *Bruen*'s reasoning is not clearly irreconcilable with the reasoning of *Vongxay* and *Heller*. In *Bruen*, the Court set out a two-step

**MEMORANDUM DECISION AND ORDER - 3**

framework "to assess whether modern firearms regulations are consistent with the *Second Amendment's* text and historical understanding." 142 S. Ct. at 2131. The first prong of the *Bruen* test is textual: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* at 2129-30. The second prong is historical: "The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.*

The Ninth Circuit's reasoning in *Vongxay* is consistent with that critical second prong. The court determined that "[o]ur examination . . . of historical gun restrictions . . . lends credence to the post-Heller viability" of the previous determination that 18 U.S.C. § 922(g)(1) does not violate the Second Amendment. *Vongxay*, 594 F.3d at 1116. The court went on,

> We observe that most scholars of the Second Amendment agree that the right to bear arms was 'inextricably . . . tied to' the concept of a 'virtuous citizen[ry]' that would protect society through 'defensive use of arms against criminals, oppressive officials, and foreign enemies alike,' and that 'the right to bear arms does not preclude laws disarming the unvirtuous citizens (i.e. criminals) . . . .'

*Id.* at 1118 (citing Don B. Kates, Jr., *The Second Amendment: A Dialogue*, 49 Law & Contemp. Probs. 143, 146 (1986)). Granted, the court recognized that "the historical question has not been definitively resolved." *Id.* But even so, that limited

**MEMORANDUM DECISION AND ORDER - 4**

tension between *Vongxay* and *Bruen* is not enough to find that *Bruen* "effectively overruled" *Vongxay*.

Although Ms. Wondra would like the Court to scrutinize the history of felon-in-possession statutes, such examination is unnecessary at this time. The Court is bound by *Vongxay* and the motion must be denied.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Dismiss (Dkt. 28) is **DENIED**.

DATED: December 27, 2022

B. Lynn Winmill
U.S. District Court Judge